OPINION
Defendant, Steven Banks, appeals from his conviction and sentence for forgery.
Defendant was indicted on three counts of forgery, R.C. 2913.31(A)(1), and three counts of misuse of a credit card, R.C. 2913.21(B)(2). Pursuant to an agreement, Defendant entered a guilty plea to one count of forgery in exchange for the State's dismissal of the remaining charges. As part of that plea agreement, Defendant and the State stipulated that Defendant was to receive a twelve month sentence. The trial court subsequently imposed the twelve month prison term agreed upon by the parties in the plea agreement. Defendant has timely appealed to this court, challenging the validity of his sentence.
ASSIGNMENT OF ERROR
 THE SENTENCE IMPOSED IS ILLEGAL IN THAT IT FAILS TO CONSIDER SENTENCING FACTORS AS MANDATED BY O.R.C. 2929.14(C).
Defendant pled guilty to a felony of the fifth degree. The sentence imposed by the trial court for that offense, twelve months, while the maximum sentence allowable, is nevertheless within the statutory limits and therefore authorized by law. R.C. 2929.14(A). In order to impose the maximum sentence, however, the trial court must comply with R.C.2929.14(C) which states:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Defendant argues that because the trial court failed to find that he committed "the worst form of the offense," the requirements of R.C.2929.14(C) have not been met and thus imposition of the maximum sentence is contrary to law.
R.C. 2953.08 permits a defendant who is convicted of a felony to appeal the sentence imposed by the trial court under certain circumstances. R.C. 2953.01(A)(1)(a) grants a defendant an appeal as of right when the maximum prison term allowable is imposed for only one offense. However, R.C. 2953.08(D) provides:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
The sentence imposed on Banks by the trial court is the sentence contemplated by both parties in the plea agreement. As part of that plea agreement, both parties stipulated that Defendant was to receive a sentence of twelve months imprisonment. By sentencing Defendant in accord with the terms of the plea agreement, the trial court imposed a sentence that had been recommended jointly by the defendant and the prosecution. Accordingly, pursuant to R.C. 2953.08(D), the sentence imposed upon Defendant in this case is not subject to appellate review. State v. Powell (January 22, 1999), Greene App. No. 98CA33, unreported.
Even if R.C. 2953.08(D) did not preclude appellate review of Defendant's sentence, we would nevertheless affirm his sentence. R.C.2929.14(C) creates four separate categories of offenders. The trial court may impose the maximum prison term allowed for the offense upon any defendant who falls into any one of those four categories of offenders.
Prior to imposing its sentence in this case, the trial court made several findings: that a prison term is consistent with the principles and purposes of felony sentencing, R.C. 2929.11 and R.C. 2929.12, and that Defendant is not amenable to community control sanctions, R.C.2929.13(B)(2)(a); that Defendant previously had served a prison term, R.C. 2929.13(B)(1)(g); and, that the shortest prison term will not adequately protect the public from future crime by this Defendant, R.C.2929.14(B). Most notably, the trial court found that Defendant "poses the greatest likelihood of recidivism," which is one of the four groups of offenders specified in R.C. 2929.14(C) upon whom the trial court may impose the maximum prison term allowed for the offense. Accordingly, the trial court complied with R.C. 2929.14(C), and its sentence is neither contrary to law nor an abuse of discretion.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 __________ GRADY, J.,
WOLFF, P.J. and BROGAN, J., concur.